RUSSEL COE *v.* THOMAS ENGLISH, WILLIAM DENNEY WILDS, JOHN T. POOR and PATRICK MELLON.

Trespass will lie for the taking and carrying away of the goods bought on the premises of a non-resident landowner at a constable's sale on a judgment and execution of a justice of the peace against another as his agent for the direction and management of the farm.

ACTION of trespass *de bonis asportatis.* Russel Coe, the plaintiff, resided in Connecticut, but owned a farm and the goods in question, consisting of live stock upon it, in this State and county, under the direction and management of an agent, by the name of John R. Wilson, residing in the town of Smyrna, who became indebted as such, on account of the farm, to Samuel Cook, who sued him, as the agent of Russel Coe, for the amount of it before a justice of the peace, and obtained judgment for it, upon which execution was issued and levied on the goods of the plaintiff, which were afterwards advertised and sold at public sale by the constable, and bought and taken away by the defendants, the plaintiff having given notice at the commencement of it, in their presence, that the goods were his property, and not Wilson's, and that he would contest the legal validity of the sale. It also appeared that an appeal was taken in the case to the superior court, and was dismissed by the court.

*Fulton* (*Gray* with him) contended that the judgment recovered before the justice of the peace, on which the goods had been sold, was a nullity even as against John R. Wilson, and the appeal from it had been dismissed for that reason.

*The Court* charged the jury that if they were satisfied, from the evidence, that the goods and chattels—the live stock in question—were the property of Russel Coe, the plaintiff, and not the property of John R. Wilson, he was entitled to their verdict for the value of them; for if the defendants supposed that a judgment and execution of a justice of the peace against John R. Wilson, agent of Russel Coe, would be the same as such a judgment and execution against him, and would bind his goods

Coe *v.* English et al.

just the same, because it was recovered for his debt as principal, and he was living out of the State at the time, and could not be directly sued here for it, they were very greatly mistaken.

*R. Harrington* and *Bates* for defendants.

The plaintiff had a verdict for one hundred and eighty-one dollars and ninety-four cents.